UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JASON JEAN,

    Petitioner,

v.                                      Case No: 5:22-cv-647-WFJ-PRL

WARDEN, FCC COLEMAN – USP II,

    Respondent.
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

### I.    BACKGROUND

In 2012, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base, heroin, alprazolam, oxycodone and clonazepam, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(C); use of a firearm during and in relation to a drug trafficking crime, aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; possession with intent to distribute alprazolam, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and possession with intent to distribute oxycodone and clonazepam, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *See* Case No. 2:11-cr-79-001 (D. Me.). Petitioner appealed and the United States Court of Appeals for the First Circuit affirmed. *United States v. Jean*, Case No. 12-1560 (1st Cir. June 13, 2013).

In 2016, Petitioner filed a motion under 28 U.S.C. § 2255. Petitioner subsequently voluntarily dismissed the motion. *See* Doc. 133, Case No. 2:11-cr-79-DBH-1.

## II. ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id.* at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner challenges the validity of his sentence claiming "actual [and] factual innocence of illegal sentence." (Doc. 1 at 6). Specifically, Petitioner claims that the "new Supreme Court rulings in *Davis* and *Taylor* have now changed my 924(c) gun conviction sentence from 84 months to 48 months." *Id*. Alternately, Petitioner claims he "actually and factually innocent" because he "never personally used or controlled or had the firearm in my possession or on my person." *Id*.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241

because he challenges the validity of his underlying sentence, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner